IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NANCY WHEELER BREWSTER, DAVID LEE, LARRY GEANES, ERIC M. HARLSTON, REGINALD E. HARRIS, MERVIN HOWARD, GWENDOLYN JACKSON, ANDREA LOGAN, CHARLES LONGSTREET, LYNDELL LUSTER, DAVID ROBERTSON, KIMBERLEY K. SMITH, | Case No. 16 cv 10904 |
| | Judge Sharon Johnson Coleman |
| | Magistrate: Judge Schenkier |
| Plaintiffs | |
| V. | |
| THE NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORPORATION d/b/a METRA, JOSEPH M. PEREZ, in his individual capacity and official capacity as METRA CHIEF of Police; HAROLD FULLER, in his individual capacity and official capacity as METRA Commander of Police; BRYAN MACK, in his individual capacity and official capacity as Area II Commander; PAUL RIGGIO, in his individual capacity and official capacity as METRA Operations Commander; STEVE ALVARADO, in his individual capacity and official capacity as METRA Police Detective; BRIAN PETERS, in his individual capacity and official capacity as METRA Police Captain; GLENN M. TRECKLER, in his individual capacity and official capacity as METRA Police Lieutenant; CARL ANDERSON, in his individual capacity and official capacity as Deputy Police CHIEF; ART OLSEN, in his individual capacity and official capacity as METRA Hearing Officer; ART OLSEN, in his individual capacity and official capacity as METRA Hearing Officer; and RONALD MNICHOWSKI, in his individual capacity and official capacity as METRA Hearing Officer . | Jury Trial Demand |
| Defendants. | |

1

# PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6), OR, ALTERNATIVELY, TO SEVER PARTIES AND CLAIMS PURSUANT TO FED.R.CIV.P. 20 & 21

Plaintiffs, NANCY WHEELER BREWSTER, DAVID LEE, LARRY GEANES, ERIC M. HARLSTON, REGINALD E. HARRIS, MERVIN HOWARD, GWENDOLYN JACKSON, ANDREA LOGAN, CHARLES LONGSTREET, LYNDELL LUSTER, DAVID ROBERTSON, and KIMBERLEY K. SMITH by and through their undersigned counsel, Law Office of Jill M. Willis. and hereby file this Plaintiffs' Response to Defendants' Motion to Dismiss the Second Amended Complaint or, Alternatively, to Sever Parties and Claims against the above-named Defendants, THE NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORPORATION d/b/a METRA, CHIEF of Police, JOSEPH M. PEREZ, Commander of Police, HAROLD FULLER, Area II Commander, BRYAN MACK, Operations Commander, PAUL RIGGIO, Police Detective, STEVE ALVARADO, Police Captain, BRIAN PETERS, Police Lieutenant, GLENN M. TRECKLER, Deputy Police CHIEF, CARL ANDERSON, Hearing Officer, ART OLSEN, and Hearing Officer, RONALD MNICHOWSKI move to deny Defendants' Motions, stating:

## CLAIMS

The 12 Plaintiffs are all current or former African-American police officers serving or having served under the command of Defendant Chief Perez during the period encompassed by this lawsuit and have more commonality than dissimilarity. All 12 Plaintiffs have been subjected to a longstanding pattern of racial discrimination in their employment with Metra. There has been no adverse decision regarding any of their terms of employment that were not under the direction or given the approval of Defendant Chief Perez. The decisions of Defendant Perez

2

with regards to employment decisions relative to these 12 employees were in turn sanctioned by the leadership of Metra. This lawsuit is not conducted on behalf of all Metra African-American police officers, but as time goes on, if not already, under the current command staff of the Metra Police Department, they may soon constitute the majority of the population of Metra African-American police officers. At no time in the history of Metra have there been so many terminations of staff in the Metra Police Department, over a short period of time, and a majority of these terminations are of African-American employees. The disputes of Plaintiffs are not, by far, "minor" as Defendants allege. Five Plaintiffs have lost their employment with 3 of them losing their jobs since the start of this litigation. Chief Perez, with the blessings of Metra leadership, barred union counsel from participating in the representation of several of these Plaintiffs. This was not a "minor" dispute, but a major violation of their due process rights. Metra allowed the violation of Plaintiffs' claims under Title VII and Section 1983. These are not "minor" violations of law. Plaintiffs were typically terminated pending a hearing, but the hearings were very much scripted to validate the decision to terminate, better known as "railroading". Plaintiffs wanted all hearing officers included as Defendants, as the hearing officers were willing participants in this railroading. They acted "under color of law".

      Plaintiff counsel always intended to include the multiple Plaintiffs. It was not an after-thought. The only complicating factors in filing all at the same time, as alluded to in the initial filing, were the delayed responses of the EEOC in processing the Right to Sue Letters ("RTS"), which required the files to be forwarded to the Department of Justice for issuance, since Metra is a governmental entity, and EEOC administrative errors (i.e. directly issuing a RTS without the DOJ). Because of the sluggishness of the EEOC, it was important to file in court to meet the filing deadlines of the two Plaintiffs, Lee and Smith, who already had their RTS. Plaintiff

counsel understood, perhaps erroneously, that until Defendants were served, amendments could be made to the filing, hence the delay in service to the Defendants, pending the completion of the DOJ process for the remaining Plaintiffs. The Investigator responsible for the bulk of the Metra files informed Plaintiff counsel that the EEOC sluggishness was, in fact, intentional as certain large Chicago area companies, such as Metra, were given preferential treatment by the Chicago EEOC leadership by not having their discrimination charges expedited or, sometimes, even substantiated when they should have been. The Plaintiffs' receipt of a RTS entitles them to the right to have their complaints heard before a court of law, which is best suited to handle Title VII and Section 1983 violations.

Plaintiffs pleadings are meant to reflect that every named Defendant has participated in the injury to one or more of the Plaintiffs, with the ultimate accountability running to the Metra Chief of Police and the Metra leadership for allowing a culture that institutionalizes, indeed rewards, the discrimination against African-American employees. The Defendant Metra's internal dispute resolution process is a farce. No African-American employee in the Metra Police Department has ever prevailed in the Metra internal-dispute resolution process. It is as rigged as the so-called hearings to promote the Defendant Metra's pre-ordained agenda and that is to diminish the equal employment opportunity rights of its African-American employees. The only recourse these employees have for a fair and equitable redress of their claims is in a court of law. Allegations of an employer's violations of Title VII and Section 1983 does not mandate an employee limit his or her redress to an action under the Railway Labor Act "RLA"). The RLA was never intended to address issues of violations of Title VII and Section 1983. This is not to say that there aren't actionable collective bargaining violations here, but the union has also been constrained by the discriminatory actions of Chief Perez and the Metra leadership. Chief Perez

refused to intervene when union lawyers were forbidden to participate in hearings in which the termination of an African-American police officer was under consideration and the employee had requested union representation. This denial of union legal representation has only occurred with African-American police officers. The hearing officer assigned by Metra leadership and Chief Perez does what he is expected to do based on directives from Defendants Metra and Chief Perez. The outcome is known prior to the hearing.

Plaintiff counsel meets regularly with this group of 12 Plaintiffs, typically as a group twice monthly for several hours (although there are some one-on-ones, emails, calls and text messages exchanged) to allow for status updates and for group members to get support from each other and from Plaintiff counsel (who is also a former practicing graduate social worker). It has been especially important for the terminated employees to get the group support. It is the preference of the 12 Plaintiffs to remain as a group, although they and counsel believe that the racial discrimination problems at Metra are company-wide and deeply embedded in a corporate culture that has not been seriously challenged until now. It is of note that both the Metra CEO Don Orseno and Metra Chief of Police Perez have announced their retirements this year and Plaintiffs informed me that Defendant Carl Anderson was terminated.

Sometimes one or more Plaintiffs may forget to provide changes in their status. Nancy Wheeler Brewster was allowed to return to work and subsequently retire, but, as a precondition to her being allowed back to work, she was required to sign a document accepting a 7 day suspension without pay. This was even though it was proven that she hadn't done what she was accused of doing – falsifying a police report. As the sole support of her family and with only 3 months to go before retirement, she felt compelled to do so to assure she could retain her hard-earned retirement benefits. She very reluctantly and unhappily complied. Although there was

5

coercion exercised in regards to Plaintiff Brewster, Plaintiff counsel agrees that the reference to the Civil Rights Act of 2006 was not appropriate here.

Plaintiffs assert that there has been a sufficient recitation of facts to prove that a pattern and practice of racial discrimination exists in the Metra Police Department, none of which could occur without the direction of Defendant Perez, the complicity of his command staff, the cooperation of all Defendants, along with the tacit approval of Metra leadership. Plaintiffs' claims and damages are significant.

## PRAYER FOR RELIEF

Plaintiffs respectfully request that this court deny the Defendants' Motion to Dismiss for the injuries suffered by the Plaintiffs are unreasonably egregious, unjust and continuing.  seek For those Plaintiff unjustly terminated and deprived of due process, reinstatement to employment and back pay are requested, along with fair access to training  and promotional opportunities, reasonable attorneys' fees, as well as compensatory and punitive damages based upon Defendants' continuing  deprivation of rights accorded to the named Plaintiffs under the laws of the United States and the State of Illinois resulting from acts and/or omissions of the named Defendants that  constitute the following causes of action: (a) racial discrimination; (b) hostile work environment; (c) disparate treatment; (d) negligent infliction of emotional harm; and  (e) intentional infliction of emotional harm,  harassment and retaliation under Title VII and Section 1983.

As a result of Defendants' illegal acts, Plaintiffs were deprived of their rights to be free from racial discrimination in the workplace. Plaintiffs were seriously harmed, emotionally and financially, by Defendants' racially discriminatory behavior directed towards them. In light of Defendants' reckless disregard and deliberate practice of discriminating against Plaintiffs, punitive damages are appropriate and should be awarded to punish Defendants' behavior and deter future misconduct.

Defendants have violated the federal and statutory protected rights of the Plaintiffs. This can only happen in the presence of a culture and leadership that supports or even endorses this behavior, despite its stated policies and values to the contrary. Plaintiffs believe, and based thereon allege, that the conduct of Defendants described above was done with intent; with a conscious disregard of their rights; and with the intent, design and purpose of injuring them.

As such, Plaintiffs believe that Defendants authorized, condoned and/or ratified the conduct complained of by them. By reason thereof, the Plaintiffs are entitled to punitive or exemplary damages from Defendants in a sum according to proof at trial.

As a direct and proximate result of Defendants' willful, knowing and intentional conduct and failure to take remedial action against the retaliatory and other conduct, the Plaintiffs have suffered and will continue to suffer pain and suffering, severe mental anguish and emotional distress.

As further direct and proximate result of each of the Defendant's violations as heretofore described, the Plaintiffs have been compelled to retain the services of counsel in an effort to enforce federal and state laws prohibiting such conduct, and hence forced to incur legal fees and costs, the full nature and extent of which are presently unknown to Plaintiffs. As a result, the Plaintiffs request that attorney's fees be awarded pursuant to the above stated statutes.

WHEREFOR, Plaintiffs respectfully request that this Honorable Court enter judgment in Plaintiffs' favor and against Defendants as follows:

a. Deny Defendants' Motion to Dismiss;

b. Deny Defendants' Motion to Sever Group, unless the Court deems that legal constructs and efficiencies require it;

c. Declare that the treatment of Plaintiffs by Defendants violated Title VII of the Civil Rights Act of 1964, as amended;

d. Declare that the acts, conduct, policies and practices of Defendants as applied to Plaintiffs violated 42 U.S.C. § 1983, as amended;

e. Direct Defendants to make Plaintiffs whole by providing appropriate employment reinstatement, back pay, earnings, benefits, and lost wages caused by Defendants' malicious and illegal behavior;

f. Award Plaintiffs compensatory and punitive damages against the Defendants;

g. Award Plaintiffs reasonable attorney's fees and costs, as provided by law; and

h. Award Plaintiffs such other equitable, injunctive and any other relief that the Court deems just and equitable to end the discrimination, fairly compensate Plaintiffs and deter future discriminatory acts.

**JURY TRIAL DEMAND**

Plaintiffs request a jury trial on all counts and claims raised by this Complaint.

                                                      Respectfully submitted,

July 20, 2017

                                                      /s/ Jill M. Willis

                                                      Attorney for Plaintiffs

Jill M. Willis, Esq.
ARDC#6187884
Law Office of Jill M. Willis
3628 South King Drive
Chicago, Illinois 60653
(847) 826-5284
jillwillis.law@gmail.com

# CERTIFICATE OF SERVICE
## Law

The undersigned Jill M. Willis certifies that on July 20, 2017, she caused to be served a copy of the foregoing **Plaintiffs' Response to Defendants' Motion to Dismiss Complaint or Sever Group**, in the above-captioned matter, to be filed with the Clerk of the United States District Court for the Northern District of Illinois and served on the parties of record on July 20, 2017 a copy of the **Plaintiffs' Response to Defendants' Motion to Dismiss Complaint or Sever Group** as follows:

        Via **ECF** to:

        Hall Prangle and Schoonveld, LLC
        Counsel for Defendant
        200 South Wacker Drive
        Suite 3300
        Chicago, Illinois 60606


        /s/    Jill M. Willis

        Attorney for Plaintiffs


Jill M. Willis, Esq.
ARDC #6187884
Law Office of Jill M. Willis
3628 South King Drive
Chicago, Illinois 60653
(847) 826-5284
jillwillis.law@gmail.com