Brewster v. The Northeast Illinois Regional Commuter Railroad Corporation d/b/a METRA

16 C 10904

*Defendant's Reply in Support of their Motion to Dismiss or to Sever parties and Claims*

# EXHIBIT 1

**HPS** | Hall Prangle and Schoonveld LLC
Attorneys at Law

200 South Wacker Drive, Suite 3300
Chicago, Illinois 60606
P 312.345.9600
F 312.345.9608
www.hpslaw.com

**April R. Walkup**
Direct Dial: (312) 267-6331
Email: awalkup@hpslaw.com

June 14, 2017

Jill M. Willis, Esq.
Law Office of Jill M. Willis
3628 S. King Drive
Chicago, Illinois 60653

      Re:      ***Lee, et al. v. Northeast Illinois Regional Commuter Railroad Corp d/b/a Metra, et al.,***
              Court No.:    2016 cv 10904
              HPS No.:     0454-0002

Ms. Willis:

I am in receipt of your Amended Second Amended Complaint (Complaint) filed on May 25, 2017. Before proceeding with any further action on behalf of your clients, I urge you to carefully review the allegations in the Complaint. In addition to the continued failure to comply with the Federal Rules of Civil Procedure with respect to the technical pleading requirements, the Plaintiffs' Complaint is deficient in several ways, including the following:

    a.      It contains glaring misrepresentations of law and fact;
    b.      It seeks recovery for violations of state laws inapplicable to any Plaintiff;
    c.      It fails to set forth clear and concise statements of fact against the individually named Defendants;
    d.      It seeks recovery for "breach of contract" which is preempted by the Railway Labor Relations Act;
    e.      It commingles multiple, unrelated, causes of action into a single pleading.

**A.    Glaring misrepresentations of law and fact**

Illustrating a lack of investigation or even communication with your clients, the Complaint contains claims that are patently untrue. For instance, with respect to Plaintiff Brewster, you assert that she "is currently out on medical leave and will retire upon the expiration of this leave." *See*, Comp. ¶48. However, had you investigated this matter and/or spoken directly with your client, you would have learned that Ms. Brewster voluntarily retired in March, 2017. While she was on an approved Family Medical Leave between January 11 and January 22, 2017, she returned to work on January 23, 2017 and worked unencumbered until her voluntary retirement on March 11, 2017.

A review of Ms. Brewster's EEOC Charge, filed on November 16, 2016, indicates that she claimed of race discrimination under Title VII and age discrimination under the Age Discrimination in Employment Act. However, in the Complaint, Brewster attempts to seek recovery for gender

discrimination under Title VII. *See*, Comp., Ct. I. Clearly, Brewster cannot recover under Title VII for gender discrimination in that she has failed to comply with the administrative requirements of filing such a Charge with either the EEOC or IDHR within any relevant time frame. Your Complaint, in this regard, is faulty and Metra should not be forced to incur defense costs to seek dismissal of Count I.

Further evidence of your lack of investigation, includes allegations throughout the Complaint with respect to the pending, unrelated, excessive force lawsuit against various Plaintiffs. You assert, incorrectly, that the Plaintiff in the *Mack v. Metra* matter cannot be located. You further claim that the police report prepared by Plaintiff Harlston which is the basis for Metra's decision to discipline several Plaintiffs has been "destroyed." *See,* Comp., ¶¶44, 144, 200. All of these allegations are glaring misrepresentations of fact and patently untrue. A brief review of the Court's docket in the *Mack* matter dispels several of your stated "facts."

Finally, throughout the Complaint reference is made to events that occurred well outside any applicable statute of limitations under Title VII and/or §1983. It remains telling that you and your clients have failed to accurately and/or adequately identify the dates of certain events you believe support your claims in this case, presumably because you are aware they occurred during time periods well outside those which your clients can seek redress. Further, many such allegations occurred under different Command Leadership.

**B.      Seeks recovery for violations of state laws inapplicable to any Plaintiff**

Plaintiffs attempt to seek redress under the Illinois Civil Rights Act of 2006 740 ILCS 24, *et seq.* A plain reading of this statute, which you have an obligation to do prior to asserting its applicability in any lawsuit, reveals that none of the Plaintiffs can assert a cause of action under this statute against either Metra or any individually named Defendant. The Defendants encourage you and your clients to eliminate any and all reference to this inapplicable statute.

**C.      Fails to set forth clear and concise statements of fact against the individually named Defendants**

The Plaintiffs have named ten (10) individual Defendants in their collective Complaint. However, a review of this pleading reveals that several of the individually named Defendants do not have allegations of actionable conduct made against them. Personal involvement is required to maintain a Section 1983 lawsuit against defendants in their individual capacities. *See Minix v. Canarecci,* 597 F.3d 824, 833 (7th Cir. 2010) (a viable § 1983 requires "personal involvement in the alleged constitutional deprivation"); *Van v. Ford Motor Co.,* 2016 WL 1182001, at *4 (N.D. Ill. Mar. 26, 2016) (Coleman, J.) (dismissing claims against multiple defendants because plaintiff failed to plead particularized facts of discrimination against the defendants). Defendants encourage Plaintiffs to dismiss those Defendants who they have failed to state actions against.

Furthermore, it appears from a plain reading of the Complaint that Plaintiffs seek redress under Title VII against the individually named Defendants. Thorough review of case law prior to filing the instant Complaint would have revealed that "Title VII authorizes suit *only* against the employer. Individual

people who are agents of the employer cannot be sued as employers under Title VII." *Passananti v. Cook Cty.*, 698 F.3d 655, 677, n.4 (7th Cir. 2012), *citing Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995). Plaintiffs are required to set forth clear and concise allegations against each named Defendant. The current Complaint fails to comply with this pleading standard.

**D.     Seeks recovery for common law "breach of contract"**

Every Plaintiff seeks recovery for a claim of common law "breach of contract" for alleged violations of the collective bargaining agreement which governed each Plaintiff's terms and conditions of employment. *See*, Comp., ¶319. For several reasons, Plaintiffs' claims in this regard are frivolous and without merit. In addition, the inclusion of a common law breach of contract claim illustrates the overall lack of investigation of facts and law prior to initiation of this lawsuit. The Railway Labor Act (RLA), 45 U.S.C. §§151, *et seq.*, vests exclusive jurisdiction in the board of adjustments for interpretation of a railway collective bargaining agreement. *Bhd. of Locomotive Eng'rs v. Louisville & Nashville R.R.*, 373 U.S. 33, 36-38, 83 S.Ct. 1059 (1963).

Each allegation of "breach of contract" alleged in the Complaint arises out of an interpretation of the collective bargaining agreement between Metra and MAP 237. As such, Count XI of Plaintiffs' Complaint must be eliminated. Defendants should not be required to seek dismissal of this Count when well-founded law has well-settled this issue. Plaintiffs are encouraged to eliminate their claims for breach of contract.

**E.     Commingles multiple, unrelated, causes of action into a single pleading**

Plaintiffs have filed, for all intents and purposes, a "class action" against Metra and the individually named Defendants. The inappropriateness of this will be addressed, below. In addition to seeking redress for claims of race discrimination and harassment under Title VII and §1983, certain Plaintiffs also seek recovery under the ADA and Title VII and Section 1983 for gender discrimination. *See*, Comp., Counts I through IV and VII.

Initially, there is no individual liability under the ADA for employment discrimination. *See Neisler v. Tuckwell*, 807 F.3d 225, 228 (7th Cir. 2015) ("nor are [the individual defendants] amenable to suit in their individual capacities for alleged violations of Title I [of the ADA].") (citing ADA, 42 U.S.C. § 12112). Nonetheless, it appears from Plaintiff Luster's Complaint that he seeks recovery against individual Defendants for violations of the ADA. Furthermore, Plaintiff Luster provides no factual support for the ADA claim. *See*, Comp. ¶¶ 196 to 204. These purported "allegations" are simply legal conclusions and therefore his ADA claim fails to state a claim. *See City of Chicago*, 817 F.3d 561, 565 (7th Cir. 2016) ("The complaint must do more than recite the elements of a cause of action in a conclusory fashion.") (affirming dismissal of ADA claim at motion to dismiss stage). Finally, Plaintiff Luster's individual ADA claim, if it, in fact, has any merit, cannot be brought in a commingled Title VII "class action." Defendants encourage Plaintiff Luster to dismiss Count VII of the Complaint.

Pursuant to Rule 11, "[b]y presenting to the court a pleading, written motion, or other paper ... an attorney or unrepresented party certifies that ... it is not being presented for any improper purpose, such

as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; [and that] the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed.R.Civ.P. 11(b). Rule 11 requires attorneys to "make a reasonable inquiry to determine whether pleadings or other documents they sign are well-grounded in fact and warranted by existing law." *Insurance Benefit Administrators, Inc. v. Martin,* 871 F.2d 1354, 1357 (7th Cir.1989).

Specifically, a court "may impose Rule 11 sanctions for arguments 'that are frivolous, legally unreasonable, without factual foundation, or asserted for an improper purpose.'" *Indep. Lift Truck Builders Union v. NACCO Materials Handling Grp., Inc.,* 202 F.3d 965, 968–69 (7th Cir.2000) (quoting *Fries v. Helsper,* 146 F.3d 452, 458 (7th Cir.1998)); *see also Jimenez v. Madison Area Tech. College,* 321 F.3d 652, 656 (7th Cir.2003) ("Rule 11 requires that an attorney or party, certify to the best of his knowledge, information, and belief, formed after an inquiry reasonable under the circumstances that any pleading presented to the court is not presented for an improper purpose, that the claims therein have a legally sufficient basis, and that the allegations and other factual contentions have evidentiary support."); *Brunt v. Serv. Emp. Int'l Union,* 284 F.3d 715, 721 (7th Cir.2002) ("Sanctions will be imposed if counsel files a complaint with improper motives or without adequate investigation.").

Defendants urge the Plaintiffs to reconsider their pleading and make the changes necessary to avoid sanctions in the future. Should the Plaintiffs continue to persist with the claims that are unsupported by fact and/or law or persist in asserting claims for which no recovery is available, the Defendants will take all necessary steps to recoup the expenditure of legal fees necessary to obtain dismissal of said claims.

If you would like to discuss this matter, please contact me.

Very truly yours,

April R. Walkup

ARW
4821-1637-7418, v. 1