## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

NANCY WHEELER BREWSTER, DAVID )
LEE, LARRY GEANES, ERIC M. )
HARLSTON, REGINALD E. HARRIS, )
MERVIN HOWARD, GWNDOLYN )
JACKSON, ANDREA LOGAN, )
CHARLES LONGSTREET, LYNDELL )
LUSTER, DAVID ROBERTSON, )
KIMBERLY K. SMITH )
  )
        Plaintiffs, )
  )     Case No. 16-cv-10904
    v. )
  )     Judge Sharon Johnson Coleman
THE NORTHEAST ILLINOIS )
REGIONAL COMMUTER RAILROAD )
CORPORATION d/b/a METRA, )
JOSEPH M. PEREZ, in his individual )
capacity and official capacity as METRA )
CHIEF of police, HAROLD FULLER, in his )
individual capacity and official capacity as )
METRA Commander of Police, BRYAN )
MACK, in his individual capacity and official )
capacity as METRA Operations Commander, )
STEVE ALVARADO, in his individual )
capacity and official capacity as METRA )
Police Detective, BRIAN PETERS, in his )
 individual capacity and official capacity as )
METRA Police captain, GLENN M. )
TREAKLER, in his individual capacity and )
official capacity as METRA Police )
Lieutenant, CARL ANDERSON, in his )
individual capacity and official capacity as )
Deputy Police CHIEF, ART OLSEN, in his )
individual capacity and official capacity as )
METRA Hearing Officer, and RONALD )
MNICHOWSKI, in his individual capacity )
and official capacity as METRA Hearing )
Officer, )
  )
        Defendants. )

**MEMORANDUM AND ORDER**

Plaintiffs, Nancy Wheeler Brewster, David Lee, Larry Geanes, Eric M. Harlston, Reginald E. Harris, Mervin Howard, Gwendolyn Jackson, Andrea Logan, Charles Longstreet, Lyndell Luster, David Robertson, and Kimberley K. Smith, bring this suit against Defendants, The Northeast Illinois Regional Commuter Railroad Corporation ("Metra"), Joseph M. Perez, Harold Fuller, Bryan Mack, Paul Riggio, Steve Alvarado, Brian Peters, Glenn M. Treckler, Carl Anderson, Art Olsen, and Ronald Mnichowski alleging a myriad of claims, to include: racial discrimination; hostile work environment; disparate treatment; negligent infliction of emotional harm; intentional infliction of emotional harm; discrimination in violation of 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964, and 740 ILCS 24; retaliation; and breach of contract under Illinois common law. Plaintiff Luster alleged an additional claim of discrimination based on a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101. Defendants move to dismiss Plaintiffs' entire Amended Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), or alternatively to sever parties and claims under Federal Rules of Civil Procedure 20 and 21. Plaintiffs have also filed a Motion for Leave to File a Third Amended Complaint, which Defendants have opposed.

For the following reasons, this Court denies Plaintiffs' Motion for Leave to File a Third Amended Complaint and grants Defendants' Motion to Dismiss Plaintiff's Amended Second Amended Complaint.

**Procedural Background**

The following facts are taken as true for the purpose of resolving this motion. The suit was initiated in November of 2016 against Metra and several individual Defendants. Almost two months later, Plaintiffs amended the complaint to add new plaintiffs, a new defendant, and several distinct discrimination claims. All Plaintiffs are African-American and current or former police officers serving or having served at Metra. Plaintiffs allege that they have all experienced a pattern

of racial discrimination while employed at Metra and subjected to adverse employment actions at the hands of Defendant Chief Perez and other Metra leadership.

Defendants moved to dismiss this Amended Complaint in April of 2017, asserting that it contained serious pleading deficiencies that failed to comport with Federal Rules of Civil Procedure 8 and 10. Plaintiffs filed a Second Amended Complaint instead of responding to the Defendants' Motion to Dismiss in May of 2017 and Defendants' motion was thereby stricken. A few days later, the Second Amended Complaint was withdrawn and replaced with an Amended Second Amended Complaint ("Operative Complaint"). This revised complaint also suffered from the same deficiencies as the previous pleadings.

In June of 2017, Defendants sent Plaintiffs' counsel a Rule 11 Letter urging her to carefully review the Operative Complaint and outlining the areas that they contend failed to comply with the pleading requirements. They followed up seven days later with a new Motion to Dismiss for Failure to State a Claim, or alternatively, to Sever Parties and Claims. Plaintiff responded in a nine-page brief replete with factual arguments—some new and many reiterated from the Amended Complaint, but no legal support. The matter was fully briefed by July of 2017. Over four months after briefing was completed on Defendant's new Motion to Dismiss, in December of 2017, Plaintiffs filed a Motion for Leave to File a Third Amended Complaint to remedy the issues raised by Defendants' Motion to Dismiss. Plaintiffs justified their petition by alleging that the new pleading would promote judicial economy and that no prejudice would occur as a result. Plaintiffs did not cite any cases to support their position. Defendants opposed the Motion for Leave to File a Third Amended Complaint, contending that the latest version still contained the same deficiencies as previous complaints.

**Legal Standard**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint, not the merits of the allegations. *Gardunio v. Town of Cicero*, 674 F. Supp. 2d 976, 983 (N.D. Ill. 2009) (Dow, J.). "The issue involved is not whether the claimant is entitled to prevail, but whether the claimant is entitled to offer evidence in support of the claims." *Id.* (citation omitted). When ruling on a motion to dismiss, a court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in a plaintiff's favor. *Park v. Ind. Univ. Sch. of Dentistry*, 692 F.3d 828, 830 (7th Cir. 2012). The allegations must contain sufficient factual material to raise a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 n. 14, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that a defendant is liable for the misconduct alleged. *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L. Ed. 2d 868 (2009). "'When presented with a motion to dismiss, the non-moving party must proffer some legal basis to support his cause of action,'" however. *Cty. of McHenry v. Ins. Co. of the West.*, 438 F.3d 813, 818 (7th Cir. 2006) (quoting *Stransky v. Cummins Engine Co.*, 51 F.3d 1329, 1335 (7th Cir. 1995)). While the inference is in a plaintiff's favor, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 946 (7th Cir. 2013)(citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

**Discussion**

*Plaintiffs' Motion for Leave to File a Third Amended Complaint*

Federal Rule of Civil Procedure 15(a)(2) permits courts to freely give leave [to a party seeking to amend its pleading] when justice requires" unless there is some demonstration of "undue delay, bad faith or dilatory motive on the part of the movant, *repeated failure to cure deficiencies by amendments previously allowed*, undue prejudice to the opposing party by virtue of allowance of the

amendment, futility of amendment, etc." *King v. Kramer*, 763 F.3d 635, 643-44 (7th Cir. 2014) (citing *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792 (7th Cir. 2004))(emphasis added).

After reviewing the briefing on this matter and the parties' previous filings, this Court agrees with Defendants that Plaintiff's Third Amended Complaint continues to be riddled with the same deficiencies raised by Defendants' previous motions. Further, Plaintiffs' Motion for Leave to File a Third Amended Complaint never attempts to explain how they would fix their claims to state a proper claim for relief or why justice requires permission again. Considering that this motion came over four months after Defendants filed their most recent Motion to Dismiss, Plaintiffs have had ample time and opportunity to clean up their allegations to comply with the pleading standards. *See, e.g., Emery v. Am. Gen. Fin., Inc.*, 134 F.3d 1321, 1322-23 (7th Cir. 1998) (The plaintiff "has had three chances over the course of three years to state a claim and the district judge was not required to give her another chance."). Accordingly, this Court denies Plaintiffs motion to amend their pleading for a fourth time, and will proceed to resolve the Defendants' pending Motion to Dismiss based on the Operative Complaint.

*Defendant's Motion to Dismiss*

Defendants move to dismiss Plaintiff's Amended Second Amended Complaint because they contend that it does not comport with federal pleading standards and the numerous revisions up to this point have failed remedy those deficiencies. The Court agrees with Defendants.

Plaintiffs' Response to Defendants' Motion to Dismiss fails to cite a single legal case and only argues through unsupported conclusions of fact. It also does not analyze or distinguish the cases relied on in Defendants' Motion. In addition to not citing any cases, Plaintiffs did not address the standard for dismissal under Federal Rule of Civil Procedure 12(b)(6) or discuss the elements of their claims.

While it is this Court's job to "consider whether a plaintiff could prevail under any legal theory or set of facts," District Courts are not required to engage in the alchemy of inventing legal arguments for litigants when their briefs only offer factual conclusions and no legal authority. *Cty. of McHenry*, 438 F.3d at 818 (citation omitted); *see Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 947 (7th Cir. 2013). The law is clear that cursory and inchoate arguments are considered waived. *See United States v. Alden*, 527 F.3d 653, 664 (7th Cir. 2008) ("Because it is not the obligation of this Court to research and construct the legal arguments available to parties . . . , these [unsupported] arguments are waived and warrant no discussion."). As Plaintiffs failed to defend their pleading substantively and properly respond to the deficiencies that Defendants articulated in both their motions to dismiss and their Rule 11 Letter[1], Plaintiffs have waived their opposition to the instant Motion to Dismiss. *Lekas v. Briley*, 405 F.3d 602, 614 (7th Cir. 2005). Accordingly, Defendant's Motion is granted.

Furthermore, dismissal with prejudice is appropriate here as Plaintiffs have been given notice and multiple opportunities to remedy the errors in question, but failed in every attempt. *See Gonzalez-Koeneke v. West*, 791 F.3d 801, 808 (7th Cir. 2015); *see e.g., Lyon v. Brown*, No. 97-1698, 1998 U.S. App. LEXIS 9786, at *7 (7th Cir. May 12, 1998)(finding that the district court was justified in dismissing plaintiffs third amended complaint because he repeatedly failed to cure deficiencies).

---

[1] The Court takes note of Defendant's Rule 11 Letter, (Dkt. 23-2), addressed to Plaintiffs' counsel, and cautions that briefs devoid of legal citations boarder on frivolous and are potentially sanction-worthy. *See Hass v. Rico Enter.,* No. 03 C 8695, 2004 U.S. Dist. LEXIS 11189, at *20 (N.D. Ill. June 15, 2004)(Norgle, J.).

**Conclusion**

Based on the above analysis, this Court denies Plaintiffs' Motion for Leave to File its Third Amended Complaint and grants Defendants' Motions to Dismiss with prejudice. The issue of severance is accordingly moot and need not be addressed.

IT IS SO ORDERED.

ENTERED:                                    SHARON JOHNSON COLEMAN
                                            United States District Court Judge

Dated: 2/23/2018