IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Nancy Wheeler Brewster, David Lee, Larry Geanes, Eric M. Harlston, Reginald E. Harris, Mervin Howard, Gwendolyn Jackson, Andrea Logan, Charles Longstreet, Lyndell Luster, David Robertson, Kimberly K. Smith, <br><br> Plaintiffs, <br> v. <br><br> The Northeast Illinois Regional Commuter Railroad Corporation d/b/a Metra, *et al*. <br><br> Defendants. | Case No. 16 C 10904 <br><br> Honorable Judge <br> Sharon Johnson Coleman |

**DEFENDANTS' MOTION FOR ATTORNEY'S FEES AND
MOTION FOR SANCTIONS PURSUANT TO 28 U.S.C. § 1927**

Defendants, NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORPORATION d/b/a "Metra," JOSEPH M. PEREZ, HAROLD FULLER, BRYAN MACK, PAUL RIGGIO, STEVE ALVARADO, BRIAN PETERS, GLENN M. TRECKLER, CARL ANDERSON, and ART OLSEN, by and through their attorneys, HALL PRANGLE & SCHOONVELD, LLC, move for reasonable attorney's fees authorized by: 42 U.S.C. § 2000e-5(k) (Title VII), 42 U.S.C. § 1988 (Section 1983), and 42 U.S.C. § 12205(b) (ADA), against the 12 Plaintiffs, and additionally authorized by 28 U.S.C. § 1927 against the Plaintiffs' attorneys as a sanction for pursuing frivolous claims. In support thereof, Defendants state as follows:

**INTRODUCTION**

The record establishes that several of Plaintiffs' employment-discrimination claims were frivolous from the inception. Despite a Rule 11 Letter, two motions to dismiss identifying the frivolous nature of the claims, Plaintiffs and their attorneys refused to dismiss the claims (or in the alternative comport with basic Federal pleading requirements). Consequently, Defendants

1

were forced to incur substantial legal fees over the course of 15 months, four lengthy pleadings, a motion for leave to file a Third Amended Complaint (which was denied), and a motion for reconsideration (also denied) after this Court entered final judgment in Defendants' favor.

Defendants now move to recoup attorney's fees expended in defending against the frivolous claims and the unreasonable and vexatious attorney conduct on two independent, but related grounds. *First*, under applicable fee-shifting statutes, a district court has discretion to award attorney's fees to a defendant when one or more of the claims were "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *See CRST Van Expedited, Inc. v. EEOC*, 136 S. Ct. 1642, 1652 (2016).

*Second*, under 28 U.S.C. § 1927, a court has discretion to order the plaintiff's attorney to pay defendant's attorney's fees if that attorney "unreasonably and vexatiously" multiplied the proceedings by pursuing frivolous claims. *Id.* As shown below, both scenarios are present in this case. This Court should hold Plaintiffs and their attorneys jointly and severally liable for the reasonable attorney's fees Defendants incurred in defending against the frivolous claims.[1]

## PROCEDURAL BACKGROUND

The conduct giving rise to this motion is found on the electronic docket as the conduct at issue involves the written submissions and pleadings filed with this Court.[2] Defendants provide the following table of relevant docket activity to provide appropriate context:

| Date | Case Activity (this case) |
|---|---|
| Nov. 28, 2016 | Original Complaint. Dkt. 1 |
| Jan. 26, 2017 | Amended Complaint. Dkt. 5 |
| April 7, 2017 | Motion to Dismiss. Dkt. 11 |
| May 1, 2017 | Agreed Motion for Leave to File Second Amended Complaint. Dkt. 13 |

---

[1] Defendants are not moving for Rule 11 Sanctions. The Rule 11 Letter is referenced because it provided notice to Plaintiff's attorney, Jill Willis, that many of the claims asserted were frivolous.

[2] Defendants have included, as exhibits to this motion, a Table of Contents, as well as a copy of each filing referenced in this motion.

| May 16, 2017 | Second Amended Complaint. Dkt. 16 |
| --- | --- |
| May 24, 2017 | This Court grants leave for Plaintiffs to file "Amended Second Amended" Complaint. Dkt. 18 |
| May 25, 2017 | "Amended Second Amended" Complaint. Dkt. 19 |
| June 14, 2017 | Rule 11 Letter Sent to Plaintiff's attorney Jill Willis. Dkt. 23-2 |
| June 21, 2017 | Motion to Dismiss "Amended Second Amended" Complaint. Dkt. 20 |
| July 20, 2017 | Plaintiffs' Response to the Motion to Dismiss. Dkt. 22 |
| July 27, 2017 | Defendants' Reply in support of Motion to Dismiss. Dkt. 23 |
| | |
| Sep. 18, 2017 | Attorney appearance by Paul Otubusin on behalf of all Plaintiffs. Dkt. 26. |
| Dec. 16, 2017 | Plaintiffs' Motion for Leave to File Third Amended Complaint. Dkt. 27. Proposed Third Amended Complaint ("TAC") attached as Dkt. 27-1. Additional Exhibits attached as Dkt. 27-2 and 27-3. |
| Dec. 19, 2017 | Defendants' Response in Opposition to Plaintiffs' Motion for Leave to File TAC. Dkt. 29 |
| Feb. 23, 2018 | This Court's Memorandum and Order denying leave to file TAC and dismissing case with prejudice. Dkt. 33 |
| Mar. 23, 2018 | Plaintiffs' Motion For Reconsideration. Dkt. 38 |
| Mar. 28, 2018 | This Court's Order denying Plaintiffs' Motion for Reconsideration. Dkt. 40 |
| | **Case Activity in *Mack v. Metra et al.*, 17 C 269 (N.D. Ill.)** |
| April 4, 2017 | Defendants Robertson, Harlston, and Geanes' Answer to Compl. Dkt. 23 |

## ARGUMENT

**I. This Court should award attorney's fees pursuant to the fee-shifting statutes and as a sanction authorized by 28 U.S.C. § 1927 for having to defend against frivolous claims.**

Federal Rule of Civil Procedure 54(d) allows a "prevailing party" to move for attorney's fees when provided for by statute. Relevant here are three fee-shifting statutes: 42 U.S.C. § 2000e-5(k) (Title VII of the Civil Rights Act of 1964); 42 U.S.C. § 1988 (42 U.S.C. § 1983); and 42 U.S.C. 12205(b) (Americans with Disabilities Act). Each is interpreted similarly. *Hensley v. Eckerhart*, 461 U.S. 424, 455 (1983). This Court should exercise its discretion and award Defendants' their reasonable attorney's fees for defending against frivolous claims. Indeed, the Supreme Court re-affirmed that "Congress wanted to relieve defendants of the burdens associated with fending off frivolous litigation." *CRST Van Expedited,* 136 S. Ct. at 1652 (quoting *Fox v. Vice,* 563 U.S. 826, 836 (2011)). Specifically, when a claim is "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so"

3

district courts can exercise their discretion and award attorney's fees associated with defending against those frivolous claims. *See id*. A defendant "need not show that every claim in a complaint is frivolous to qualify for fees." *Fox*, 563 U.S. at 834. A claim is frivolous "if it has no reasonable basis, whether in fact or in law." *Roger Whitmore's Auto Srvcs., Inc. v. Lake Cty., Ill.*, 424 F.3d 659, 675 (7th Cir. 2005).

Likewise, courts sanction attorneys under 28 U.S.C. §1927 for pursuing frivolous claims "despite notice of the frivolous nature of these claims, or counsel otherwise showed indifference to statutes, rules, or court orders." *Grochocinski v. Mayer Brown Rowe & Maw, LLP*, 719 F.3d 785, 799 (7th Cir. 2013). Objective bad faith, and not subjective bad faith, can be sufficient to support a finding that an attorney "unreasonably and vexatiously" multiplied the proceedings. *See Dal Pozzo v. Basic Machinery Co., Inc.*, 463 F.3d 609, 614 (7th Cir. 2006). Objective bad faith exists if "a lawyer pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound." *Id.*

Here, Plaintiffs and their attorneys have advanced the following frivolous claims: 1) race discrimination pursuant to 42 U.S.C. § 1983 against five individual Defendants, even though there were no allegations of personal involvement in any adverse employment action; 2) alleged violations of the "Illinois Civil Rights Act of 2006, 740 ILCS 24 *et seq.*" against all Defendants, even though that statute applies only to compelled confessions; 3) state-law breach of contract claim based on the collective bargaining agreement, even though it is plainly preempted by the federal Railway Labor Act, 45 U.S.C. § 151 *et seq.*; 4) asserting an ADA claim against individual Defendants even though only employers can be held liable; and 5) additional vexatious and unreasonable attorney conduct that multiplied the proceedings.

    1. <u>Plaintiffs' race discrimination claims against five individual Defendants under 42 U.S.C. § 1983 were frivolous.</u>

The purported Section 1983 race discrimination claims against individual Defendants Riggio, Peters, Mack, Alvarado, and Anderson have been frivolous from their inception. Beginning with the second pleading (the Amended Complaint) and all the way to final judgment, Plaintiffs continued to assert Section 1983 race discrimination claims against all Defendants, which necessarily includes these five individuals. *See* Dkt. 5, Amended Complaint, Count II, at p. 5; Dkt. 19, Amended SAC, Count V, ¶¶ 292-93, 321. However, at no point has any pleading filed by Plaintiffs alleged that these five individuals had *any* "personal involvement" in an "adverse employment action," which are elements of the claim. *See* Dkt. 11 at p. 2; Dkt. 20 at pp. 11-12; *Minix v. Canareci*, 597 F.3d 824, 833 (7th Cir. 2010) (requiring "personal involvement"); *Crady v. Liberty Nat. Bank & Trust Co. of Ind.*, 993 F.2d 132, 136 (7th Cir.1993) (requiring "adverse employment action"). With no basis in fact or law to pursue individual-capacity claims against these five individual Defendants, the claims were frivolous from their inception. *Roger Whitmore's Auto Srvcs.*, 424 F.3d at 675. Accordingly, pursuant to 42 U.S.C. § 1988, the Court should exercise its discretion and order Plaintiffs to pay the attorney's fees for having to defend against these frivolous claims on behalf of these Defendants.

Moreover, the Court should hold attorney Willis jointly and severally liable for the attorney's fees in defending against these frivolous claims as a sanction pursuant to 28 U.S.C. § 1927. Attorney Willis' litigation conduct "unreasonably and vexatiously" multiplied the proceedings. *See Grochocinski*, 719 F.3d at 799 (§ 1927 sanctions appropriate where attorney raises baseless claims "despite notice of the frivolous nature of these claims"). Here, attorney Willis continued to re-assert the Section 1983 claims against the five individual Defendants despite multiple notices from defense counsel explaining the frivolous nature of the claims. Specifically, defense counsel brought this issue to attorney Willis' attention in its first motion to

5

dismiss filed in April, 2017. *See* Dkt. 5 at 2 ("In fact, Plaintiffs fail to assert wrongdoing against five of the nine individual Defendants (Riggio, Peters, Mack, Alvarado, and Anderson).").

Upon receipt of Defendants' motion to dismiss, attorney Willis was on notice of the frivolity of the Section 1983 claims—she should have remedied these pleading insufficiencies. Instead, she doubled-down and re-asserted identical claims against the five individuals in her Amended SAC, still without support or evidence. *See* Dkt. 19, Count V, ¶¶ 292-93, 321. In response to the Amended SAC, defense counsel sent a Rule 11 Letter on June 14, 2017, outlining a variety of pleading deficiencies to attorney Willis, including that "several of the individually named Defendants do not have allegations of actionable conduct made against them." *See* Dkt. 23-2 at p. 2 (citing authority). Defendants urged attorney Willis to "reconsider their pleading and make the changes necessary to avoid sanctions in the future." *Id.* at p. 4. Because attorney Willis never responded, Defendants were forced to draft two pages of legal argument and analysis in its second motion to dismiss on this same frivolous topic to protect the rights of the five individual Defendants. *See* Dkt. 20 at pp. 10-12.

Remarkably, after receiving the second motion to dismiss, Plaintiffs did not abandon their claims against these five individuals. Instead, attorney Willis filed a 10-page Response Brief with this Court that did not cite *a single case*. *Compare* Dkt. 22, Response Brief (citing no authority), *with* Dkt. 23-2 (Rule 11 Letter), Dkt. 11 (1st Mtn. to Dismiss), and Dkt. 20 (2nd Mtn. to Dismiss) (all citing binding legal authority). Ignoring dispositive case law in a Rule 11 Letter and two motions to dismiss strongly militates in favor of a finding of unreasonable and vexatious conduct by attorney Willis. *Nisenbaum v. Milwaukee Cty.,* 333 F.3d 804, 809 (7th Cir. 2003). Given the above, this Court should find objective bad faith, which does "not require a finding of malice or ill will; reckless indifference to the law will qualify." *See Dal Pozzo*, 463 F.3d at 614.

At every turn, attorney Willis showed "reckless indifference" to the law regarding Section 1983 claims against the five individual defendants. *Id.* Accordingly, this Court should hold Plaintiffs and Plaintiffs' attorney Jill Willis jointly and severally liable.

> 2. <u>Plaintiffs' claims for breach of contract were frivolous because they were preempted by the federal Railway Labor Act, 45 U.S.C 151 *et seq.*</u>

Beginning in the second pleading (the Amended Complaint), Plaintiffs sought recovery against all Defendant for an alleged Illinois breach of contract claim. *See* Dkt. 5, ¶ 1. In the Amended SAC, Plaintiffs again asserted a breach of contract claim, this time labelling it as "Count IX" brought by "All Plaintiffs" on the basis that "Defendants" (no limitation on whom) conducted "activities to undermine the employment terms and conditions, *including the collective bargaining agreement provision.*" *See* Dkt. 19, Count IX, ¶ 319 (emphasis added). Count IX had no basis in the law and should never have been filed, as it was preempted by the federal Railway Labor Act (RLA). *See* 45 U.S.C. § 151 *et seq.* As recounted at length in Defendants' second motion to dismiss, *see* Dkt. 20 at pp. 3-6, the RLA provides "a comprehensive framework for resolving labor disputes" in the railroad industry. *See Brown v. Illinois Central R.R. Co.,* 254 F.3d 654, 658 (7th Cir. 2001). Here, because Plaintiffs' Amended SAC specifically alleged that Defendants' activities were to undermine the "employment terms and conditions, including the [CBA]," *see* Dkt. 19, Count IX, ¶ 319, such a claim necessarily involved a controversy "over the meaning of an existing [CBA]," *see Brown*, 254 F.3d at 658, between the employees' Union, MAP 237, and Metra. Thus, the breach of contract claims in Count IX against all Defendants was indisputably preempted by the federal RLA. *Id*. Therefore, this claim was frivolous from the start.

This Court can invoke 42 U.S.C. § 1988 as the basis for awarding attorney's fees on this frivolous state-law claim. In *Munson v. Milwaukee Bd. Of Sch. Directors*, the Seventh Circuit

7

held that when "federal and pendent claims are factually or legally related, they should be treated as one action for purposes of § 1988 fee awards." *See* 969 F.2d 266, 272 (7th Cir. 1992). Here, the breach of contract count was factually and legally related to plaintiffs' federal claims because this count complained about the "Defendants" allegedly undermining the "employment terms and conditions" of the 12 Plaintiffs, which was also a basis for the federal claims. *See generally* Dkt. 19, Counts I-V (alleging activity that affected Plaintiffs terms and conditions of employment). Accordingly, the Court should require Plaintiffs to pay Defendants' attorney's fees for having to defend against the frivolous breach of contract claim against all Defendants.

This Court should likewise hold attorneys Jill Willis and Paul Otubusin jointly and severally responsible for the attorney's fees as a sanction for their litigation conduct under 28 U.S.C. § 1927. Specifically, after receiving Plaintiffs' Amended SAC, defense counsel sent their Rule 11 Letter to attorney Willis, informing her, among other things, that the breach of contract claim was preempted by the federal RLA and that including such a claim "illustrate[d] the overall lack of investigation of facts and law prior to initiation of this lawsuit." *See* Dkt. 23-2, Rule 11 Letter, at p. 3 (directing attorney Willis to the federal RLA statute and Supreme Court precedent). Defense counsel encouraged attorney Willis to eliminate this count because Defendants "should not be required to seek dismissal of this Count when well-founded law has well-settled this issue." *Id.*

Attorney Willis failed to heed defense counsel's advice. Instead of withdrawing the breach of contract count, she fought dismissal of the claim in her Response Brief. *See* Dkt. 22 at p. 2. But her "argument" was patently frivolous: it did not in any way engage Defendants' *legal* argument regarding what constitutes a "major" and "minor" dispute, which is a question of federal law. *See* Dkt. 20, Mtn. to Dismiss at pp. 3-6 (citing *Brown*, 254 F.3d at 658 for the

proposition that the dispute was "minor" because it involved the interpretation of the CBA and thus was preempted). In fact, Plaintiffs' Response Brief all but confirmed that counsel had not read any binding authority because it came up with its own definition of what constitutes a "major" and "minor" dispute (with no citation to legal authority), as if there was no federal law on this topic. *See* Dkt. 22, Response Br. 3-4. Even though the Response Brief was patently frivolous, Defendants were forced to respond to the "arguments" in their Reply Brief to avoid the legal doctrine of waiver. *See* Dkt. 23 at 3-4. This objective bad faith attorney conduct multiplied the proceedings. *See In re TCI Ltd.*, 769 F.2d 441, 445 (7th Cir. 1985) (attorney engages in objective bad faith conduct by "acting in the teeth of what [she] knows to be the law").

But there was more. Almost six months later, attorney Willis, joined now by attorney Otubusin, filed their motion for leave to file a proposed Third Amended Complaint (TAC) (signed by both attorneys)[3]. *See* Dkt. 27-1. In the proposed TAC, attorneys Willis and Otubusin *again* re-asserted the identical breach of contract claim. *Id.* ¶¶ 263-64. In Defendants' written response opposing leave to file the TAC, defense counsel had to again argue that any breach of contract claim was preempted by the federal RLA. *See* Dkt. 29 at pp. 3-4. Indeed, this Court agreed with Defendants, stating that Plaintiffs have "failed to defend their pleading substantively and properly respond to the deficiencies that Defendants articulate in both their motions to dismiss and their Rule 11 Letter. . . ." *See* Dkt. 33 at p.6. Given the above, this Court should find objective bad faith, due to attorneys' Willis and Otubusin's reckless indifference to the unambiguous case law foreclosing any relief under the above legal theories. *See Dal Pozzo*, 463 F.3d at 614. Accordingly, attorneys Willis and Otubusin should be jointly and severally liable with the Plaintiffs for Defendants' attorney's fees in defending against these frivolous claims.

    3. <u>The Illinois Civils Right Act of 2006, 740 ILCS 24 Count was frivolous.</u>

---

[3] Attorney Paul Otubusin filed his appearance on September 18, 2017.

In the Amended SAC, which was the fourth pleading in this case, Plaintiffs' and their attorney decided to expand the scope of their lawsuit and alleged purported violations of the "Illinois Civil Rights Act of 2006, 740 ILCS 24." *See* Dkt. 19, Count VI, at ¶¶ 301-16. A plain reading of the statute demonstrated that this count was frivolous because it applies to "Compelled confessions"—not employment discrimination. *See* 740 ILCS 24/5. As such, this count should have never been added. Accordingly, pursuant to 42 U.S.C. § 1988, Plaintiffs should be required to pay Defendants' attorney's fees in having to defend against this frivolous claim. This state-law claim, like the breach of contract claim, is factually and legally related to the federal claims because it arises out of the same conduct and operative facts: the Plaintiffs' terms and conditions of employment. *See Munson*, 969 F.2d at 272.

Attorney Willis should also be responsible for the attorney's fees as a §1927 sanction. Had she read the statute prior to filing the Amended SAC—as she had an ethical obligation to do pursuant to Fed. R. Civ. P. 11—she would have realized that the statute had no applicability. But she ignored her obligation and added the count anyway. After receiving the Amended SAC and recognizing the frivolity of this claim (by reading the statute), defense counsel specifically brought this to attorney Willis' attention in its Rule 11 Letter. *See* Dkt. 23-2, Rule 11 Letter, at p. 2. Attorney Willis never responded. Instead, Defendants were forced to spend time in their motion to dismiss drafting a legal argument (with citation to the statute and case law) that the statute had no applicability in this case. *See* Dkt. 20 at p. 6.

Plaintiffs' Response Brief, while conceding that it does not apply in this case, suggested that attorney Willis may not appreciate the serious nature of filing a multi-count complaint against multiple defendants. The Brief states: "Although there was coercion exercised in regards to Plaintiff Brewster, Plaintiff [sic] counsel agrees that *the reference to* the Civil Rights Act of

10

2006 was not appropriate here." *See* Dkt. 22 at pp. 5-6 (emphasis added). But attorney Willis did more than just "reference" a statute—she added it as a separate count in her fourth pleading as to "All Plaintiffs" against "Defendants" (again, no limitation as to whom) and used that count as an additional, independent basis for alleging her 12 clients were entitled to punitive damages against "Defendants," nine of whom are individuals. *See* Dkt. 19 at ¶¶ 307-308, 324. The fact that this count did not exist in the previous three pleadings and appeared in the fourth pleading demonstrates that, at best, adding this count was extremely reckless given that the statute has no application, and, at worst, it was intentional conduct designed to harass the individual Defendants. Attorney Willis should thus be jointly and severally liable with Plaintiffs for the attorney's fees related to achieving dismissal of this frivolous claim.

    4. <u>Plaintiff Luster's ADA claim against the individual defendants was frivolous from inception.</u>

In the Amended Complaint, Plaintiff Luster alleged an Americans with Disabilities Act claim against "Defendants". *See* Dkt. 5 at p. 29 (Count III). However, it is well-settled that the ADA, by its express terms, does not provide for individual liability—only employer liability. *See Neisler v. Tuckwell*, 807 F.3d 225, 228 (7th Cir. 2015); 42 U.S.C. §§ 12111-12 (ADA). Thus, the ADA claim against the nine individual Defendants was frivolous from inception. Yet Defendants were forced to make a legal argument in its first motion to dismiss to defend against that claim. *See* Dkt. 11 at pp. 4-5. While that should have been all of the notice attorney Willis needed to dismiss the claim, she just disregarded the case law cited in Defendants' motion to dismiss when she re-asserted the same frivolous claim in the Amended SAC. *See* Dkt. 19 at ¶ 317. Defendants again included a legal argument in its second motion to dismiss, *see* Dkt. 20 at 9; but even then, attorney Willis just ignored the legal authority cited to her and refused to abandon the ADA claim in her Response Brief. *See* Dkt. 22. This was reckless attorney conduct.

Moreover, the ADA claim again against Metra was frivolous. Plaintiff Luster *never*—over the course of the Amended Complaint, the Amended SAC, and even the proposed TAC (leave to file was denied)—pled what purported disability he suffered from, nor did he allege what reasonable accommodation he was allegedly denied, both of which are necessary to state a plausible claim for relief. *See* Dkt. 5, Amended Complaint, at p. 29; Dkt. 19, Amended SAC, at ¶¶ 316-17, Dkt. 27-1, Proposed TAC at ¶¶ 260-62 (all alleging no factual allegations just legal conclusions). As a result, Metra had to spend time researching and defending against this claim in two legal briefs before this Court. *See* Dkt. 20 at p. 10; Dkt. 29 at pp. 4-5 (all citing legal authority). Consequently, Plaintiff Luster should be liable for the attorney's fees spent defending against the frivolous claim. *See* 42 U.S.C. § 12205(b). And because attorneys Willis and Otubusin had a professional duty to "dismiss claims that are no longer viable," *see Jolly*, 435 F.3d at 720, they too should be jointly and severally liable as a § 1927 sanction.

     5. <u>Additional unreasonable and vexatious litigation conduct militates in favor of this Court exercising its discretion and awarding attorney's fees under § 1927.</u>

In addition to the frivolous claims, there is specific attorney conduct warranting § 1927 sanctions because it demonstrates a reckless indifference to the Federal Rules of Civil Procedure and Seventh Circuit precedent, all of which multiplied the proceedings. Specifically, Defendants' second motion to dismiss was fully briefed in July, 2017, yet attorneys Willis and Otubusin waited 4.5 months to file a 1.5-page perfunctory motion for leave to file a Third Amended Complaint. *See* Dkt. 27. Even though there is a Federal Rule of Civil Procedure on the topic of leave to amend (Rule 15) and a dearth of binding case law, attorneys Willis and Otubusin cited absolutely nothing in their motion. *Id.* Instead, they boldly represented to this Court that the proposed TAC would "address the issues" in Defendants' Motion to Dismiss, "streamlin[e]" the litigation, and that "the Parties will not be prejudiced" by Plaintiffs' request. *See* Dkt. 27 at 1-2.

These representations were demonstrably false. As a result of the filing of this motion, defense counsel was obligated to respond in writing and conduct a legal analysis of the 51-page proposed TAC. Unlike Plaintiffs' counsels' perfunctory motion, defense counsel incorporated pertinent case law applying Fed. R. Civ. P. 15 in its written response, *see* Dkt. 29 at 2-5, and argued that leave should be denied and that there were at least *seven substantive areas* of pleading deficiencies in the proposed TAC, demonstrating that it did not "address the issues" in the motion to dismiss, nor would it "streamline" the litigation, as Plaintiffs' counsels represented.

Shortly thereafter, this Court ruled on the pending motions, agreeing entirely with Defendants. *See Brewster et al. v. Northeast Ill. Reg'l Commuter R.R. Corp.*, 2018 WL 1035868 (N.D. Ill. Feb. 23, 2018). This Court criticized the motion for leave to file the TAC for failing to explain how, as the case law required, the TAC would fix their claims to state a proper claim for relief, or why justice requires permission to amend again. *See id.* at *2. After denying leave to amend, the Court turned to the briefing on the motion to dismiss. The Court criticized Plaintiffs' Response Brief for failing to cite a single case in opposition, and then correctly concluded that Plaintiffs "waived their opposition to the instant Motion to Dismiss." *Id.* at *3. Finally, the Court made it clear that dismissal with prejudice was appropriate, as Defendants requested, because Plaintiffs "have been given notice and multiple opportunities to remedy the errors in question, but failed in every attempt." *See id.* Litigation on the merits should have ended there.

Instead, one hour before the 28-day deadline expired to file a Rule 59 motion to alter the final judgment, attorney Willis filed a "motion for reconsideration," thereby continuing her frivolous pursuit against Defendants. Dkt. 38. Like her prior filings, this motion was frivolous from beginning to end. *First*, the motion failed to cite any binding 7th Circuit authority establishing the correct legal standard to alter the final judgment. Instead, it quoted the D.C.

13

Circuit and cited a *state appellate case* purporting to establish the legal standard. Worse, the motion extrapolated two words—"manifest injustice"—from the D.C. Circuit case and argued to this Court that those two words constituted the legal standard in the 7th Circuit. *See* Dkt. 38 at 2. They do not.[4] Nevertheless, this caused defense counsel to complete legal research regarding "manifest injustice" in preparation for the motion hearing, which sought to set aside a final judgment in their clients' favor—something defense counsel took seriously.

*Second*, the body of the reconsideration motion was scattered, asserting a variety of belated arguments unsupported by case law, and scandalous assertions. For example, attorney Willis falsely stated: "The Defendants have aggressively contrived to use their considerable power and influence to obtain the cooperation of the State's Attorney's Office in bringing criminal charges against Plaintiffs Robertson, Harlston and Geanes, including in some instances, allegations of excessive force in the absence of any complainant other than the Defendant employer." *See* Dkt. 38 at p. 4. This demonstrably false rhetoric has no place in a legal brief. Attorney Willis' own clients *admitted* in their answer to the companion federal civil-rights lawsuit brought by the victim of the excessive force incident that it was the *Cook County State's Attorney's Office* (not Metra) that conducted a criminal investigation after receiving the video recording of the incident *from her own clients. See* Robertson, Harlston, and Geanes' Answer to Complaint, Dkt. 23, ¶¶ 55-57, *Mack v. Metra et al.*, Case No. 17 C 269 (N.D. Ill.). For attorney Willis to assert that it was *Metra* that "obtain[ed] the cooperation *of the State's Attorney's Office* in bringing criminal charges" is egregious.

Moreover, attorney Willis continues to falsely assert, *see* Dkt. 19 at ¶211 (Am. SAC) and Dkt. 38 at p.4 (Mtn Reconsideration), that the victim of the excessive force is "absent" or "can't

---

[4] The correct legal standard was laid out by this Court in its Order denying the motion. Dkt. 40.

be located," to support her narrative that Metra wrongfully terminated her clients. This is false. An entire federal civil-rights lawsuit was brought by the victim, litigated, and recently settled. *See Mack, supra,* Case No. 17 C 269, Dkt. 59 (Agreed Order of Dismissal). Clearly, then, the victim is not "absent" or "can't be located." Attorney Willis had no good-faith basis to make these scandalous assertions, and her intentional decision to permeate her legal filings with this type of rhetoric weighs in favor of finding § 1927 sanction appropriate.[5] Indeed, in the Order denying the reconsideration motion, this Court stated that Plaintiffs' characterization that a "manifest injustice" was done was a "far cry from the truth." *See* Dkt. 40, Order at p. 2.

## CONCLUSION

For all these reasons, Defendants respectfully move for an order awarding them their reasonable attorney's fees for having to defend against the frivolous claims as outlined above. Defendants request that, pursuant to the fee-shifting statutes and 28 U.S.C. § 1927, the attorney's fees be assessed jointly and severally against Plaintiffs and their attorneys.

Respectfully Submitted,

HALL PRANGLE & SCHOONVELD, LLC,

By: /s/April R. Walkup
**One of the Attorneys for Defendants**

April R. Walkup awalkup@hpslaw.com
Matthew Kaminski mkaminski@hpslaw.com
**Hall, Prangle & Schoonveld, LLC**
200 S. Wacker Drive, Suite 3300
Chicago, IL 60606

4826-5579-3503, v. 3

---

[5] *See also* Dkt. 5, Amended Compl., at p. 3 (emphasis added): "It is difficult to discern whether the issue in some instances is the incompetence of some Chicago EEOC employees or collusion between the Chicago EEOC and Defendant Metra to the detriment of" and then the sentence abruptly cuts off.

15