UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NANCY WHEELER BREWSTER, DAVID LEE, LARRY GEANES, ERIC M. HARLSTON, REGINALD E. HARRIS, MERVIN HOWARD, GWNDOLYN JACKSON, ANDREA LOGAN, CHARLES LONGSTREET, LYNDELL LUSTER, DAVID ROBERTSON, KIMBERLY K. SMITH<br><br>Plaintiffs,<br><br>v.<br><br>THE NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORPORATION d/b/a METRA et al.,<br><br>Defendants. | Case No. 16-cv-10904<br><br>Judge Sharon Johnson Coleman |

**ORDER**

Defendants, The Northeast Illinois Regional Commuter Railroad Corporation d/b/a Metra, Joseph M. Perez, Harold Fuller, Bryan Mack, Paul Riggio, Steve Alvarado, Brian Peters, Glenn M. Treckler, Carl Anderson, and Art Olsen (collectively "defendants") move for reasonable attorney's fees pursuant to 42 U.S.C. § 2000e-5(k) (Title VII), 42 U.S.C. § 1988 (Section 1983) and 42 U.S.C. § 12205(b) (ADA) against Nancy Wheeler Brewster, David Lee, Larry Geanes, Eric M. Harlston, Reginald E. Harris, Mervin Howard, Gwendolyn Jackson, Andrea Logan, Charles Longstreet, Lyndell Luster, David Robertson, and Kimberley K. Smith (collectively "plaintiffs"). Defendants also move for sanctions against plaintiffs' attorneys under 28 U.S.C. § 1927 for pursuing frivolous claims. For the reasons explained below, defendants' motion [44] is granted in part and denied in part.

**Background**

On November 28, 2016, plaintiffs filed a complaint against defendants alleging employment discrimination under Title VII. On January 26, 2017, plaintiffs filed an amended complaint. After defendants filed a motion to dismiss, the parties submitted an agreed motion for leave to file a second amended complaint. On May 16, 2017, plaintiffs filed their second amended complaint, which they subsequently amended on May 25, 2017. As amended, the second amended complaint alleged violations of Title VII, the Illinois Civil Rights Act of 2006, the Americans with Disabilities Act, and Breach of Contract. On June 14, 2017, defendants sent a Rule 11 sanctions letter to plaintiffs' attorney Jill Willis. The letter stated that the second amended complaint was deficient in several ways including: stating misrepresentations of law and fact; seeking recovery for violations of state laws that did not apply to any plaintiff; failing to allege facts of personal involvement by the five individual defendants which resulted in an adverse employment action; seeking recovery for breach of contract, a claim preempted by the Railway Labor Relations Act; and co-mingling unrelated causes of action into a single pleading.

On June 21, 2017, defendants filed a motion to dismiss plaintiffs' amended second amended complaint. In their motion to dismiss, defendants attacked the sufficiency of several of plaintiffs' claims similar to the Rule 11 sanctions letter sent to plaintiffs' counsel. On July 20, 2017, plaintiffs filed their response to defendants' motion to dismiss. Defendants filed their reply brief on July 27, 2017. On December 16, 2017, plaintiffs moved for leave to file a third amended complaint. On February 23, 2018, this Court denied plaintiffs' motion and dismissed plaintiffs' claims with prejudice. On March 23, 2018, plaintiffs' moved for reconsideration. That motion was denied.

**Discussion**

Courts have discretion to award attorney's fees to prevailing defendants in civil rights cases when there is a showing that the claims were frivolous, unreasonable, or pursued in bad faith.

*Citizens for a Better Environment v. Steel Co.*, 230 F.3d 923, 930 (7th Cir. 2000) (citing *Christiansburg Garment Co. EEOC*, 434 U.S. 412 (1978)). Still, bad faith is not required for a Court to award attorney's fees for bringing a frivolous claim. *Christiansburg Garment Co.*, 434 U.S. at 421. A frivolous lawsuit is one that has no reasonable basis in fact or law. *Wong v. Accretive Health, Inc.*, 773 F.3d 859, 863 (7th Cir. 2014).

Similarly, Courts have discretion under 28 U.S.C. § 1927 to impose sanctions against attorneys who "'raise baseless claims despite notice of the frivolous nature of these claims, or . . . otherwise showed indifference to statutes, rules, or court orders.'" *Grochocinski v. Mayer Brown Rowe & Maw, LLP*, 719 F.3d 785, 799 (7th Cir. 2013) (quoting *Kotsilieris v. Chalmers*, 966 F.2d 1181, 1184-85 (7th Cir. 1992)). "If a lawyer pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, the conduct is objectively unreasonable and vexatious." *Tate v. Ancell*, 551 Fed. Appx. 877, 891 (7th Cir. 2014) (citing *Dal Pozzo v. Basic Mach. Co.*, 463 F.3d 609, 614 (7th Cir. 2006)).

In this case, defendants contend that attorney's fees should be awarded and sanctions imposed for several of plaintiffs' claims: (1) plaintiffs' race discrimination claims against five individual defendants under 42 U.S.C. § 1983; (2) plaintiffs' breach of contract claim; (3) plaintiffs' Illinois Civil Rights Act claim; (4) plaintiff-Luster's ADA claim against individual defendants and (5) additional vexatious conduct by plaintiffs' counsel. The Court will address each issue in turn.

  1. *Race Discrimination Against Five Individual Defendants*

Defendants argue that the race discrimination claims against defendants Riggio, Peters, Mack, Alvarado, and Anderson (the five individual defendants) have been frivolous since the initial filing. Defendants point out that none of plaintiffs' pleadings alleged that the defendants were personally involved with any adverse employment action. As such, defendants assert that plaintiffs' claims had no basis in fact or law. Furthermore, defendants argue that attorney Willis should be

3

jointly and severally liable for the attorney's fees because she had ample opportunity to withdraw the frivolous race discrimination claim.

The Court finds that there are reasonable grounds to award attorney's fees. To survive a motion to dismiss, a plaintiff alleging employment discrimination must sufficiently plead that a defendant's conduct resulted in an adverse employment action. *See Lavalais v. Village of Melrose Park*, 734 F.3d 629, 634-35 (7th Cir. 2013). In their original complaint, amended complaint, and second amended complaint, plaintiffs did not allege a single act of personal involvement on behalf of any of the five individual defendants that resulted in an adverse employment action. Plaintiffs pursued this claim despite defendants alerting them to this deficiency in the Rule 11 sanctions letter, defendants' initial motion to dismiss, and defendants' second motion to dismiss. Plaintiffs now argue that the "§ 1983 race claims . . . [were] not frivolous or futile, but rather meritorious, and met basic pleading requirements." Dkt. 54 at 6. However, plaintiffs do not state how an employment discrimination claim that fails to allege involvement with an adverse employment action could meet basic pleading requirements. Put differently, plaintiffs fail to assert how this claim was not frivolous. Because plaintiffs received notice of the claim's deficiency and chose to pursue the claim anyway, the Court finds that plaintiffs pursued a path a reasonably careful attorney would have known to be unsound. *See Tate*, 551 Fed. Appx. at 891. Accordingly, the Court will grant attorney's fees for this claim.

    *2.       Breach of Contract Claim*

Defendants argue that plaintiffs' breach of contract claim was frivolous because it was preempted by the Railway Labor Act, 45 U.S.C. 151 *et seq* ("RLA"). Defendants point to plaintiffs' allegation that defendants conducted activities that undermined the terms and conditions of the collective bargaining agreement ("CBA"). Defendants contend that although the RLA is the recognized statute used to resolve labor disputes in the railroad industry—particularly claims involving collective bargaining agreements—plaintiffs raised a breach of contract claim involving a

4

violation of terms and conditions of their CBA. Defendants cite to *Brown v. Illinois Central R.R. Co.*, 254 F.3d 654 (7th Cir. 2001), which held that a plaintiff's discrimination claim was precluded by the RLA to the extent that resolution depended on an interpretation of a provision of the CBA. Defendants assert that, like *Brown*, plaintiffs' claims that defendants undermined terms of the CBA were preempted by the RLA.

Further, defendants argue that attorneys Jill Willis and Paul Otubusin should be jointly and severally liable for the attorney's fees as a sanction for their litigation conduct. Specifically, defendants state that they urged plaintiffs to eliminate its breach of contract claim in their Rule 11 sanction letter, their initial motion to dismiss, and their second motion to dismiss. Defendants argue that plaintiffs made no substantive response to defendants' motion to dismiss and cited no case law. Plaintiffs argue that sanctions are unnecessary because they eliminated the breach of contract claim in their proposed third amended complaint.

The Court finds that attorney's fees are appropriate regarding the breach of contract claim. Although breach of contract is a state law claim, defendants will be awarded attorney's fees under § 1988 because it arose out of the same course of conduct as plaintiffs' civil rights claims. *See Munson v. Milwaukee Board of School Directors*, 969 F.2d 266, 271-72 (7th Cir. 1992) (holding that a prevailing defendant is entitled to fee awards for defending frivolous state law claims that "factually or legally relate[] to frivolous civil rights claims"). Plaintiffs were put on notice that their breach of contract claim was preempted by federal law. After receiving the Rule 11 sanctions letter, plaintiffs should have eliminated this claim because it was facially apparent that a breach of contract claim involving the CBA of Metra employees failed as a matter of law. As such, because plaintiffs' counsel had an obligation to investigate the plausibility of this cause of action and apparently did not, the Court will award attorney's fees for defending this claim and find attorneys Willis and Otubusin jointly and severally liable for the attorney's fees under § 1927.

5

### 3. *Illinois Civil Rights Act of 2006*

Defendants argue that plaintiffs' allegation of Illinois Civil Rights Act of 2006 violations is frivolous because the statute applies to compelled confessions-not employment discrimination. Dkt. 44 at 10. Section 24/5 of the Illinois Civil Rights Act provides civil relief for injury "as a result of having been compelled to confess or provide information regarding an offense by force or threat of imminent bodily harm. . . ." 740 ILCS 24/5. Plaintiffs respond that defendants were not prejudiced by the Illinois Civil Rights Act of 2006 claim because plaintiffs eliminated that cause of action in their proposed third amended complaint. Defendants seek attorney's fees for time spent defending this claim as, like the other claims, defendants put plaintiffs on notice of the frivolity of the cause of action in the Rule 11 sanctions letter, the initial motion to dismiss, and the second motion to dismiss. The Court agrees with defendants that attorney's fees are appropriate. It is clear from the Illinois Civil Rights Act of 2006, 740 ILCS 24/5, that the statute does not apply to employment discrimination cases. Furthermore, plaintiffs stated in their response to defendants' motion to dismiss that "plaintiff[s'] counsel agrees that the reference to the Civil Rights Act of 2006 was not appropriate here." Dkt. 22 at 6. Because plaintiffs' counsel was warned of the mis-application of the Illinois Civil Rights claim and pursued the claim still, the Court awards attorney's fees and holds attorney Willis jointly and severally liable for the attorney's fees.

### 4. *Americans with Disabilities Act Claim*

Defendants argue that plaintiffs' claim alleging violations of the Americans with Disabilities Act ("ADA") against several individual employees was frivolous because the ADA does not provide for individual liability. Dkt. 44 at 11. Defendants assert that plaintiffs were put on notice by defendants' first motion to dismiss and instead of eliminating the claim, plaintiffs' counsel reasserted the claim in its second amended complaint. Defendants state that in their brief responding to defendants' motion to dismiss, plaintiffs did not cite a single case and did not engage with

defendants' legal arguments. Furthermore, defendants argue that the ADA claim was frivolous because plaintiffs did not state what disability plaintiffs suffered from. Plaintiffs respond that "[they] intended that the ADA claim be applied against all Defendants in their official capacities." Dkt. 54 at 8.

The Seventh Circuit has established that "the ADA provides only for employer, not individual liability" and that an employee "cannot be held liable in his individual capacity under the ADA." *Silk v. City of Chicago*, 194 F.3d 788, 798 n.5 (7th Cir. 1999). However, the Court declines to award attorney's fees for defending this claim. While the ADA claim was addressed in defendants' motion to dismiss, defendants have not shown that this claim was anything more than incorrect. A plaintiff's allegation is not frivolous simply because it is wrong or fails to state a claim. *See Neitzke v. Williams*, 490 U.S. 319, 326-328 (1989) (holding that a claim that fails under Rule 12(b)(6) does not automatically amount to a frivolous claim). Further, there was not a letter sent to plaintiffs' counsel regarding the frivolity of the ADA claim. As such, defendants' motion for attorney's fees for defending the ADA claim is denied.

   5.  *Additional Conduct*

Defendants argue that additional conduct by attorney Willis warrants sanctions under § 1927. Defendants assert that by plaintiffs seeking to file a third amended complaint (a motion that the Court denied), defendants "[were] obligated to respond in writing and conduct a legal analysis of the [fifty-one] page proposed [third amended complaint.]" Defendants also highlight this Court's Order denying plaintiffs' motion for leave to file a third amended complaint stating, "plaintiffs' motion . . . never attempts to explain how they would fix their claims to state a proper claim for relief or why justice requires permission again." Dkt. 33 at 5. Moreover, defendants argue that after this Court granted defendants' motion to dismiss, plaintiffs filed a scattered motion for

7

reconsideration, "asserting a variety of belated arguments unsupported by case law. . . ." Dkt. 44 at 14.

Plaintiffs respond that it did not vexatiously multiply the litigation, but that "defendants may have [multiplied litigation] by its improper heightened pleading requirements and arguments in its subject motion." Dkt. 54 at 11. The Court disagrees. Plaintiffs do not state how defendants raised the pleading requirements and do not cite any legal authority regarding the plausibility of the claims in question. Accordingly, defendants will be awarded fees for defending the frivolous claims. It is important to note that defendants will not be awarded attorney's fees for *all* of the claims it had to defend. Rather, attorney's fees will be awarded on the claims that were frivolous because they had no basis in fact or law. *See Wong*, 773 F.3d at 863. Also, the Court will consider the fact that defendants made similar arguments in multiple briefs.

As the Court stated in its Order dismissing the amended second amended complaint, plaintiffs' arguments did not "cite a single legal case and only argues through unsupported conclusions of fact" and "does not analyze or distinguish the cases relied on in Defendants' Motion. Dkt. 33 at 5. The same applies here. Plaintiffs cite no legal authority to support their arguments that the claims in question were not frivolous. Accordingly, because plaintiffs' counsel had several chances to eliminate their frivolous claims, the Court will grant defendants' motion attorney's fees and for sanctions under § 1927 for pursuing frivolous claims after being put on notice.

**Conclusion**

For the foregoing reasons, defendants' motion for attorney's fees and sanctions under § 1927 is granted in part and denied in part. Defendants shall submit an affidavit on the rate and hours spent on defending against plaintiffs' frivolous claims.

IT IS SO ORDERED.

/s/ Sharon Johnson Coleman<br>
SHARON JOHNSON COLEMAN<br>
United States District Judge

DATED: October 22, 2018