IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

_____

| | |
|---|---|
| David Lee, Larry Geanes, Eric M. Harlston, Reginald E. Harris, Mervin Howard, Gwendolyn Jackson, Andrea Logan, Charles Longstreet, Lyndell Luster, David Roberson, Kimberly K. Smith, Nancy Wheeler Brewster | 16-cv-10904 |
| | Judge Sharon Johnson Coleman |
|     Plaintiffs, | |
| vs. | |
| The Northeast Illinois Regional Commuter Railroad Corporation, d/b/a METRA, et. al., | |
|     Defendants. | |

_____

**PLAINTIFFS' MOTION IN OPPOSITION TO DEFENDANTS' PETITION FOR ATTORNEY FEES**
_____

NOW COMES THE PLAINTIFFS, DAVID LEE, ERIC M. HARLSTON, REGINALD E. HARRIS, MERVIN HOWARD, GWENDOLYN JACKSON, ANDREA LOGAN, CHARLES LONGSTREET, LYNDELL LUSTER, DAVID ROBERTSON, KIMBERLEY K. SMITH AND NANCY WHEELER BREWSTER, by and through their undersigned counsel, Jill M. Willis, and respectfully requests this Court Deny Defendants' Petition for Attorneys' Fees and rescind the October 22, 2018 Order granting Fees and Sanctions in favor of NORTHEAST ILLINOIOS REGIONAL COMMUTER RAILROAD CORPORATION d/b/a METRA, JJOSEPH PEREZ,

HAROLD FULLER, BRYAN MACK, PAUL RIGGIO, STEVE ALVARADO, BRIAN PETERS, GLENN M. TRECKLER, CARL ANDERSON, and ART OLSEN (the "Defendants") and in support thereof states:

This Court entered a final judgment of dismissal with prejudice against the Plaintiffs in this action on February 23, 2018;

Defendants filed a Rule 1927 Motion for Sanctions against counsel for the Plaintiffs on April 16, 2018;

Plaintiffs filed an appeal of the final judgment of this Court to the United States Court for Appeals for the Seventh Circuit on April 18, 2018;

By Order entered October 22, 2018, this Court granted Defendants' Motion for Sanctions pursuant to Section 1927 in part and denied in part as well as directed Defendants to submit an affidavit of litigation expenses in defending against certain of Plaintiffs' claims;

Plaintiffs filed a Motion for Reconsideration of the Grant of Attorney's Fees on November 4, 2018.

Defendants filed their Motion for Extension of time to file Rates and Hours on November 5, 2018. Defendant counsel represented in that documents that: "In accordance with the requirements of Local Rule 37.2, the undersigned attempted to confer with Plaintiffs' counsel regarding the instant motion on November 5, 2018, but by the time of the filing this motion, the undersigned was unable to reach her". Local Rule 37.2 provides for consultation in person or by telephone to make a good faith attempt to resolve differences. Plaintiffs' counsel has no evidence of any attempts of Defendants' counsel to make contact either by phone or

2

email. Furthermore, the same Defendants' counsel represented before the Seventh Circuit Court of Appeals that this conference actually took place. Plaintiffs' counsel may have issues with her litigation skills, but never with her integrity. In fact, if more time had been spent on telephone conferences or in person meetings to discuss differences between the parties as Plaintiffs' counsel has been able to do with other counsel on other matters pending before the Court, rather than focus on passing motions back and forth, this litigation effort may have proceeded more smoothly.

Defendants filed their Motion for Attorneys Fees on November 16, 2018.

Plaintiffs filed their Reply to the Defendants Opposition to the Plaintiffs Motion for Reconsideration of Grant of Fees and Sanctions on November 21, 2018.

The Petition for Attorneys' Fees filed on January 18, 2019 requests this Court to proceed with the Order of October 22, 2018 and representing that the Plaintiffs' counsel had not opposed or presented comparators to the Defendants' Affidavit of Rates and Hours, but there is a Motion for Reconsideration pending. Plaintiffs' counsel can't focus on the rates and hours (which at first blush seem excessive) while questioning the grant itself.

It is understood that a district court may impose monetary sanctions upon plaintiffs who file Title VII claims that are "frivolous, unreasonable, or without foundation." *Christiansburg Garment Company v. EEOC*, 434 U.S. 412, 421-22 (1978). Because the Court intended to promote vigorous enforcement of the provisions of Title VII, a district court must exercise caution in awarding fees to a prevailing defendant in order to avoid discouraging legitimate suits that may not be "airtight". *Id. At 422*. This Circuit has also suggested that the "frivolous" standard is much more stringent than pleadings merely "not

3

substantially justified". *EEOC v. Consolidated Service System*, 30 F.3d 58, 59 (7th Cir. 1094).

     A district court's decision not to impose Rule 11 sanctions on a plaintiff who failed to make out a prima facie case under Title VII was affirmed because the claim was not filed with improper motives. *Kizer v. Children's Learning Center*, 962 F.2d 608, 613 (7th Cir. 1992). My motives were not improper, but I admit the complexity of this case, including the large number of plaintiffs and defendants, exceeded my skill level. Yes, mistakes were made, but without intent to be "vexatious" or "frivolous". Section 1927 sanctions are purely discretionary. I firmly believe and did my best to plead that there is a racially discriminatory environment in the Metra police department that has impacted these Plaintiffs. As known to the Defendants' counsel, the Metra MAPS Union President, Joseph Kresch, has attested in his own Title VII complaint, pending in the Northern District of Illinois since last year, to his personal knowledge of racially discriminatory behavior directed against African-American Metra police officers. Plaintiffs' counsel spoke with Mr. Kresch at length before he filed his federal complaint and he corroborated many of the claims of these Plaintiffs, for which the MAPS union had unsuccessfully attempted to seek redress.

     WHEREFORE, Plaintiffs, through their counsel, respectfully request that this Court deny the Petition for Attorney Fees and Sanctions and grant a reversal of the October 22, 2018 Order to Grant Legal Fees and Sanctions. The dismissal with prejudice, rather than

sever the group as the Defendants' alternatively proposed, was a harsh enough judgment.


January 24, 2019                             Respectfully submitted,

                                                    /s/ Jill M. Willis
                                                   Counsel for the Plaintiffs


**Jill M. Willis, Esq.**
**ARDC #6187884**
**Law Office of Jill M. Willis**
3628 South King Drive
Chicago, Illinois 60653
(847) 826-5284
jillwillis.law@gmail.com

## **CERTIFICATE OF SERVICE**

The undersigned Jill M. Willis certifies that on January 24, 2019, she caused to be served a copy of the foregoing **Plaintiffs' Motion in Opposition To Defendants' Petition For Attorney Fees and Sanctions**, in the above-captioned matter, to be filed with the Clerk of the United States District Court for the Northern District of Illinois and served on the parties of record on January 24, 2019 a copy via CM/ECF.

/s/Jill M. Willis_____

Attorney for the Plaintiffs

Jill M. Willis, Esq.
ARDC #6187884
Law Office of Jill M. Willis
3628 South King Drive
Chicago, Illinois 60653
(847) 826-5284
jillwillis.law@gmail.com